STATE v. GREAT NORTHERN RAILWAY COMPANY.[1]

·July 8, 1927.

No. 23,542.

ON PETITION FOR REARGUMENT.

**Petition of defendant for a reargument granted in order to have the record present the constitutional question.**

. Appeal and Error, 4 C. J. p. 621 n. 2; p. 625 n. 50.

Petition on behalf of defendant for a reargument. Petition granted.

*M. L. Countryman, F. G. Dorety* and *A. L. Janes,* for appellant.

*Clifford L. Hilton,* Attorney General, *G. A. Youngquist,* Assistant Attorney General, and *Patrick J. Ryan,* for the state.

DIBELL, J.

The defendant moves to vacate the judgment in favor of the state and for a reargument. Judgment was entered in favor of the state in the district court. The opinion of this court affirming it was filed November 14, 1924. State v. G. N. Ry. Co. 160 Minn. 515, 200 N. W. 834. On November 24, 1924, the defendant filed a petition for reargument, and on December 19, 1924, upon leave of court, filed a supplementary petition for reargument.

[1]Reported in 214 N. W. 797.

On April 17, 1925, the petition for a reargument was denied without opinion. Final judgment of affirmance was entered on May 13, 1925. A writ of error to the Supreme Court of the United States was allowed on May 14, 1925. On January 17, 1927, that court dismissed the writ "for want of jurisdiction resulting from an insufficient setting forth and waiver of the claim of a substantial federal constitutional question in the court below." G. N. Ry. Co. v. Minnesota, 273 U. S. 658, 47 S. Ct. 343, 71 L. ed. 401.

The defendant now asks for a reargument in order that it may appear affirmatively that its constitutional claim that the Minnesota gross earnings tax as applied to the ore shipments was asserted in this court and considered. Its claim is set forth in paragraph 6 of its answer. Neither at the trial below nor in the arguments here was the defense featured. The claim urged was that Minnesota was taxing property in Wisconsin owned by other corporations than the Great Northern and that the Great Northern haul was not from mine to lake within the gross earnings tax. Our opinion sustained the finding of the trial court that there was a continuous Great Northern operation and haul from the mines to the water front under whatever corporate names were used—a genuine Great Northern haul and operation to which the mileage prorate of the gross earnings tax applied. The original petition for a reargument did not urge the constitutional question now made. The supplementary petition did.

The defendant has long delayed in asking a specific and direct statement of the court's view on the constitutional question. There has been a series of delays since the action was instituted. The defendant is required by the judgment to pay a large amount of taxes which in our view it should pay unless the gross earnings tax as applied to the situation is unconstitutional. We have the jurisdiction and offend no law in permitting a reargument. We think the defendant should have the opportunity of making its arguments and having our expressed view upon the constitutional question as it is presented by the record. The judgment of affirmance is vacated and a reargument is granted. The defendant may serve its brief within ten days and the state within ten days thereafter. There will be no oral argument.

Reargument granted.